# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### (Southern Division)

| | | |
|---|---|---|
| NATIONWIDE MUTUAL INSURANCE COMPANY<br>One Nationwide Plaza<br>Columbus, Ohio 43215-2220 | ) ) ) ) ) | |
| *Plaintiff* | ) ) ) | |
| v. | ) ) | Civil Action No. 22-cv-1637 |
| GENNESIS GLAZING CONTRUCTION, LLC<br>6200 Fernwood Terrace, Apt. 102<br>Riverdale, MD 20737 | ) ) ) ) | |
|     Serve on:<br>    Elder Chinchilla, Resident Agent<br>    6200 Fernwood Terrace, Apt. 102<br>    Riverdale, MD 20737 | ) ) ) ) ) | |
| and | ) ) | |
| OMAR MONTENEGRO-GAMARRA<br>9007 Heatherfield Court<br>Fort Washington, MD 20744 | ) ) ) ) | |
| and | ) ) | |
| SERGIO VARGAS GARVIZU<br>1997Cumberland Drive<br>Woodbridge, VA 22191 | ) ) ) ) | |
| and | ) ) | |
| YESID ERIK ROJAS JIMINEZ<br>2933 Graham Road<br>Falls Church, VA 22040 | ) ) ) ) | |
| and | ) ) | |
| LUIS FERNANDO BEJARANO-SALCES<br>8514 Ivybridge Court<br>Springfield, VA 22152<br>*Defendants* | ) ) ) ) | |

_____)

## **COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF**

NOW COMES the Plaintiff Nationwide Mutual Insurance Company ("Nationwide"), by and through its undersigned attorneys, and for its Complaint for Declaratory Judgment and Other Relief, states as follows:

### **NATURE OF THE CASE**

1. Nationwide brings this action pursuant to 28 U.S.C. §2201 for the purposes of determining questions in actual controversy between Nationwide and Defendants concerning the duties and obligations of Nationwide to defend or indemnify Gennesis Glazing Construction, LLC and Luis Fernando Bejarano-Salces against the claims asserted against them by Yesid Erik Rojas Jiminez, Sergio Vargas Garvizu, and Omar Montenegro-Gamarra (the "Underlying Claims").

### **PARTIES**

2. Nationwide is a corporation organized and existing under the laws of the state of Ohio, with its principal place of business in Ohio.

3. Gennesis Glazing Construction, LLC ("Gennesis") is a limited liability company existing under the laws of the State of Maryland with its principal place of business in College Park, Maryland.

4. Luis Fernando Bejarano-Salces, Yesid Erik Rojas Jiminez, and Sergio Vargas Garvizu are residents of the Commonwealth of Virginia.

5. Omar Montenegro-Gamarra is a resident of the state of Maryland.

### **JURISDICTION AND VENUE**

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332 as the matter in controversy involves a dispute between citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

6. Venue is proper in this District pursuant to 28 U.S.C. §1391(b)(2) in that the parties conduct business in this District and the case concerns the resolution of insurance obligations arising from a policy of insurance issued in this District.

## THE NATIONWIDE POLICIES

7. Nationwide issued the following Commercial Auto Liability Policy to Gennesis, a copy of which is attached as Exhibit 1: ACP BA013200136648; policy period February 7, 2020 to February 7, 2021. (Attached as Exhibit 1)

8. The Policy contains Business Auto Coverage Form CA 0001 1013.

9. The Policy includes liability coverage for "any auto."

10. The Policy contains the following description of who is insured:

> **1.  Who Is An Insured**
>
> The following are "insureds":
>
> a. You for any covered "auto".
> b. Anyone else while using with your permission a covered "auto" you own, hire or borrow except:
> (1) The owner or anyone else from whom you hire or borrow a covered "auto".
> This exception does not apply if the covered "auto" is a "trailer" connected to a covered "auto" you own.
> (2) Your "employee" if the covered "auto" is owned by that "employee" or a member of his or her household.
> (3) Someone using a covered "auto" while he or she is working in a business of selling, servicing, repairing, parking or storing "autos" unless that business is yours.
> (4) Anyone other than your "employees", partners (if you are a partnership), members (if you are a limited liability company) or a lessee or borrower or any of their "employees", while moving property to or from a covered "auto".

(5) A partner (if you are a partnership) or a member (if you are a limited liability company) for a covered "auto" owned by him or her or a member of his or her household.

c. Anyone liable for the conduct of an "insured" described above but only to the extent of that liability.

11. The Policy includes the following additional term regarding who is

insured:

### C. EMPLOYEES AS INSUREDS – NONOWNED AUTOS

The following is added to paragraph A.1. Who is An Insured of SECTION II – COVERED AUTOS LIABILITY COVERAGE:

d. Any "employee" of yours is an "insured" while using a covered "auto" you don't own, hire or borrow in your business or your personal affairs.

12. The following pertinent exclusions apply to the coverage provided by the Policy:

### B. Exclusions

#### 3. Workers' Compensation

Any obligation for which the "insured" or the "insured's insurer may be held liable under any workers' insurer may be held liable under any workers' compensation, disability benefits or unemployment compensation law or any similar law.

#### 4. Employee Indemnification And Employer's Liability

"Bodily injury" to:

a. An "employee" of the "insured" arising out of and in the course of:
(1) Employment by the "insured"; or
(2) Performing the duties related to the conduct of the "insured's" business; or

This exclusion applies:

(1) Whether the "insured" may be liable as an employer or in any other capacity; and
(2) To any obligation to share damages with or repay someone else who must pay damages because of the injury.

### I. FELLOW EMPLOYEE – OFFICERS, MANAGERS, AND SUPERVISORS

4

> The Fellow Employee Exclusion in SECTION II – COVERED AUTOS LIABILITY COVERAGE is replaced as follows:
> A.      "Bodily injury" to any fellow "employee" of the "insured" arising out of and in the course of the fellow "employee's employment or while performing duties related to the conduct of your business.  This exclusion does not apply to an "insured" who occupies a position as an officer, manager, or supervisor.

13.     The Commercial General Liability Coverage form contains the following pertinent Definitions:

> **5.** "Employee" includes a "leased worker". "Employee" does not include a "temporary worker".

## THE UNDERLYING CLAIMS

14.     Yesid Erik Rojas Jiminez, Sergio Vargas Garvizu, and Omar Montenegro-Gamarra (collectively, "the Tort Plaintiffs") have filed lawsuits against Gennesis and Luis Fernando Bejarano-Salces in the Circuit Court of Fairfax County, Virginia, alleging bodily injury as a result of an accident occurring on November 2, 2020, when they were passengers in a car owned and being driven by Mr. Bejarano-Salces. The three Complaints ("the Underlying Claims") are attached as Exhibit 2.

15.     The Tort Plaintiffs allege that Mr. Bejarano-Salces was acting in the course and scope of employment with Gennesis at the time of the accident.

16.     The Tort Plaintiffs and Mr. Bejarano-Salces were employees of Gennesis on the date of the accident.

17.     Gennesis and Mr. Bejarano-Salces have tendered the Underlying Claims to Nationwide for investigation, defense, and indemnification.

18.     Nationwide asserts that Mr. Bejarano-Salces was not acting in the course and scope of employment at the time of the accident and was driving a car he owns, not one owned,

hired or borrowed by Gensesis. Accordingly, he is not an insured under the Policy and Nationwide does not owe him any defense or indemnification.

19. Nationwide alleges that the Tort Plaintiffs were employees to whom the above cited exclusions apply, precluding any obligations for Nationwide to defend or indemnify Gennesis.

20. Further, Nationwide alleges that the Mr. Bejarano-Salces was not an officer, manager or supervisor for Gennesis and, accordingly, the above cited exclusions apply, precluding any obligations for Nationwide to defend or indemnify Gennesis.

## COUNT I
## DECLARATORY RELIEF

21. Nationwide incorporates and restates the allegations of Paragraphs 1 through 20 as if set forth fully herein.

22. Nationwide contends that it has no obligation to defend or indemnify Mr. Bejarano-Salces for the claims asserted in the Underlying Claims because Mr. Bejarano-Salces was not acting in the course and scope of employment at the time of the accident.

23. Nationwide contends that it has no obligation to defend or indemnify Gennesis for the claims asserted in the Underlying Claims because:

  1. Gennesis has liability to the Tort Plaintiffs as an employer; and

  2. Gennesis has liability to the Tort Plaintiffs as under workers' compensation and similar laws.

  3. The Tort Plaintiffs' claims are excluded because caused by a fellow employee.

24. An actual controversy exists among the parties to this litigation concerning the nature, scope and extent of insurance coverage provided by Nationwide to Gennesis and Mr.

Bejarano-Salces under the Policy.

25. A declaratory judgment is necessary in order to resolve the dispute and end the uncertainties among the parties concerning their rights, duties and obligations under the Policy.

WHEREFORE, Nationwide prays for the following relief:

    A. That the Court declare the rights, duties and obligations of the parties;

    B. That the Court declare that Nationwide has no duty to defend or indemnify Gennesis or Mr. Bejarano-Salces for the Underlying Claims or, in the alternative, declare the extent of Nationwide's duties; and

    C. For such other and further relief as this Court deems just and proper.

    */s/ Margaret Fonshell Ward*
Margaret Fonshell Ward (Bar No. 04586)
Downs Ward Bender Herzog & Kintigh, P.A
Executive Plaza 3
11350 McCormick Rd, Suite 400
Hunt Valley, Maryland 21031
Phone: 410-584-2800
mward@downs-ward.com
*Attorneys for Plaintiff Nationwide Mutual Insurance Company*