IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Southern Division)

| | |
|---|---|
| NATIONWIDE MUTUAL INSURANCE COMPANY )<br>)<br>*Plaintiff* )<br>)<br>v. )<br>)<br>GENNESIS GLAZING CONTRUCTION, LLC, )<br>et al. )<br>*Defendants* )<br>_____) | Civil Action No. 22-cv-1637-MJM |

**MOTION FOR DEFAULT**

Plaintiff Nationwide Mutual Insurance Company ("Nationwide") moves that the Court enter an Order staying this matter until the conclusion of the underlying tort cases and states:

1. This case address whether there is coverage for defendants in three consolidated tort case pending in Circuit Court for Fairfax County, Virginia: *Omar Montenegro-Gamarra v. Luis Fernando Bejarano-Salces and Gennesis Glazing Construction, LLC*, Case No. 2021-CV-14158; *Sergio Vargas Garvizu v. Luis Fernando Bejarano-Salces and Gennesis Glazing Construction, LLC*, Case No. 2021-CV-14157; and *Yesid Erik Rojas Jiminez v. Luis Fernando Bejarano-Salces and Gennesis Glazing Construction, LLC*, Case No. 2021-CV-14160 ("the Underlying Litigation").

2. Nationwide issued an insurance policy to the Gennesis Glazing Construction, LLC, under which Luis Fernando Bejarano-Salces ("Bejarano") asserts that he is an insured entitled to indemnity for any liability he has to the plaintiffs in the Underlying Litigation.

3. The Underlying Litigation asserts that Bejarano was an employee of Gennesis Glazing at the time of the accident. (Exhibit 1, ¶¶ 3, 5, 22)[1] has defaulted in this case as to issues regarding coverage for itself for the claims in the Underlying Litigation.

4. Nationwide has concluded that there are facts that will be litigated in the Underlying Litigation that may be determinative of coverage. Consequently, in accord with *Allstate Insurance Co. v. Atwood*, 319 Md. 247, 572 A.2d 154 (1987), the issue of whether Bejarano is insured by Nationwide for the events at issue in the Underlying Litigation should be stayed pending the outcome of those cases. Thereby, any remaining facts regarding coverage can be more efficiently litigated in this matter without having improper, and possibly preclusive, effect on the Underlying Litigaiton.

5. Nationwide understands that the Underlying Litigation is scheduled for trial in February 2024.

Accordingly, Nationwide respectfully requests that this Court enter an Order of Stay until March 31, 2024 to allow for completion of the Underlying Litigation.

        */s/ Margaret Fonshell Ward*
        Margaret Fonshell Ward (Bar No. 04586)
        Downs Ward Bender Herzog & Kintigh, P.A
        Executive Plaza 3
        11350 McCormick Rd, Suite 400
        Hunt Valley, MD 21031
        Phone: 410-584-2800
        mward@downs-ward.com
        *Attorneys for Plaintiff/Counter Defendant Nationwide Mutual Insurance Company*

## CERTIFICATE OF SERVICE

---

[1] Exhibit 1 reflects one of the Complaints in the Underlying Litigation. While each of the three filed separate complaints, they are all identical.

I CERTIFY that on this 22d day of November, 2023, a copy of this Motion to Stay was electronically filed using the court's CM/ECF system on all counsel of record.

                                            */s/ Margaret Fonshell Ward*
                                            Margaret Fonshell Ward