IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| NATIONWIDE MUTUAL INSURANCE COMPANY,<br><br>   Plaintiff,<br><br>   v.<br><br>GENNESIS GLAZING CONSTRUCTION, LLC, *et al.*,<br><br>   Defendants. | Civil Action No.:  MJM-22-1637 |

**MEMORANDUM AND ORDER**

Currently pending are a motion to stay the instant case filed by plaintiff/counterclaim defendant Nationwide Mutual Insurance Company ("Nationwide") (ECF 27),[1] a separate motion to extend discovery filed by Nationwide (ECF 42), and motions for leave to file a surreplies in opposition to Nationwide's motions filed by defendants/counterclaim plaintiffs Luis Bejarano-Salces, Sergio Vargas Garvizu, Yesid Erik Rojas Jiminez, and Omar Montenegro-Gamarra (collectively, "Individual Defendants") (ECF 33 & 46). Nationwide's motion to extend discovery will be granted for the limited purpose of conducting a deposition of Elmer Chinchilla because such a limited-purpose extension is supported by good cause and Nationwide's excusable neglect. As further explained herein, Nationwide's motion to stay will be denied because a stay is not justified by judicial economy, and abstention in favor of litigation in state court is not warranted in the circumstances of this case.[2]

---

[1] Nationwide's motion to stay is inaccurately styled as a "Motion for Default." ECF 27 at 1.

[2] As explained herein, the Court has considered Individual Defendants' proposed surreply in opposition to the motion to stay (ECF 34) but declines to consider their proposed surreply in opposition to the motion to extend discovery (ECF 37).

1

I. **Background**

In October 2021, Sergio Vargas Garvizu, Yesid Erik Rojas Jiminez, and Omar Montenegro-Gamarra filed lawsuits against Gennesis Glazing Construction, LLC ("Gennesis") and Luis Bejarano-Salces ("Bejarano-Salces") in the Circuit Court of Fairfax County, Virginia (the "Underlying Suits") alleging they suffered injuries resulting from an auto accident that occurred in November 2020 (the "Incident").[3] ECF 30-1, 38-1, 38-2, & 38-3. The plaintiffs in the Underlying Suits allege that Bejarano-Salces was transporting the plaintiffs from Delaware to their residences in Virginia and Maryland when he failed to stop at a stop sign and caused the auto accident. The plaintiffs further allege that Bejarano-Salces was acting within the scope of his employment with Gennesis at the time of the Incident and that Gennesis is vicariously liable for the plaintiffs' injuries. At the time of the Incident, Gennesis had a commercial auto liability policy with Nationwide. ECF 1.

On July 2, 2022, Nationwide filed the instant action for declaratory relief against Gennesis, Bejarano-Salces, and the plaintiffs in the Underlying Suits. *Id.* In this action, Nationwide seeks a declaratory judgment that it has no duty to defend or indemnify either Gennesis or Bejarano-Salces for claims arising from the Incident. *Id.* Nationwide alleges, *inter alia*, that Bejarano-Salces was not acting within the scope of his employment at the time of the Incident and was not an insured under Gennesis's policy. *Id.* at 5–6. In September 2022, counsel for Individual Defendants entered their appearance, ECF 5 & 6, and Individual Defendants filed an Answer and Counterclaim against Nationwide, ECF 7. Individual Defendants seek a declaratory judgment that Nationwide has a duty

---

[3] The plaintiffs in the Underlying Suits allege that the Incident occurred on November 6, 2020. ECF 38-1, 38-2, & 38-3. According to Nationwide's Complaint in the instant case, the Incident occurred on November 2, 2020. ECF 1 at 5. In their Answer, Individual Defendants dispute the date of the Incident alleged in Nationwide's Complaint but admit that the Incident occurred. ECF 7 at 3.

to defend and indemnify Gennesis and Bejarano-Salces for the liability arising from the Incident. *Id.* They allege that Bejarano-Salces was acting within the scope of his employment with Gennesis at the time of the Incident and was an insured on Gennesis's insurance policy. *Id.* at 8–9. Nationwide filed an Answer to the Counterclaim on October 29, 2022. ECF 8. Gennesis has not appeared to defend the instant lawsuit. Upon Order of the Court, ECF 15, the Clerk entered a default as to Gennesis on June 12, 2023, ECF 18.

On August 25, 2023, the appearing parties filed a stipulated proposed scheduling order, ECF 24, which was substantially adopted in the Scheduling Order entered by the Court, with minor modifications to avoid court holidays, ECF 25. The Scheduling Order set a discovery deadline of January 2, 2024; a deadline for status reports on January 2, 2024; and a deadline for dispositive pretrial motions on January 22, 2024. *Id.*

Nationwide filed its motion to stay on November 22, 2023, requesting that the instant case be stayed pending resolution of the Underlying Suits. ECF 27. On November 21, 2023—the day before Nationwide filed its motion—the parties to the Underlying Suits filed an agreed Order of Nonsuit pursuant to VA. CODE ANN. § 8.01-380 in the Fairfax County Circuit Court, which the court endorsed on November 22, 2023. ECF 30-1. The Order of Nonsuit dismisses the Underlying Suits subject to future re-filing. *Id.* Individual Defendants state that they agreed to nonsuit the Underlying Suits to delay resolution of the state tort cases until after the instant declaratory judgment action is resolved.[4] ECF 34 at 8. On December 6, 2023, Individual Defendants filed responses in opposition to Nationwide's motion to stay, ECF 30 & 31, and Nationwide filed a reply on December 19, 2023, ECF 32. Individual Defendants filed a motion for leave to file a

---

[4] Counsel for Individual Defendants state they were not aware that Nationwide would move to stay the matter until Nationwide filed its motion on November 22, 2023. ECF 30 at 3.

surreply on December 20, 2023, ECF 33, and a proposed surreply opposing the motion to stay on December 26, 2023, ECF 34.

Nationwide and Individual Defendants filed separate status reports on January 17, 2024. ECF 39 & 40. In its status report, Nationwide requested "that discovery be kept open for an additional 45 days" to complete a deposition of Gennesis's principal, Elmer Chinchilla, noting Individual Defendants' objection. ECF 39 at 1–2. Individual Defendants' status report confirmed their opposition to Nationwide's request to reopen discovery. ECF 40 at 1. Upon review of the status reports, the Court directed Nationwide to file a motion to reopen discovery and suspended deadlines for dispositive motions and responses thereto. ECF 41. Nationwide filed its motion to extend discovery on January 22, 2024, ECF 42; Individual Defendants filed a response in opposition on January 31, 2024, ECF 43;[5] and Nationwide filed a reply on February 6, 2024. Individual Defendants subsequently requested leave to file a surreply, ECF 46, and filed a proposed surreply, ECF 47.

## II. Individual Defendants' Motions for Leave to File Surreplies

Individual Defendants' motion to file a surreply in opposition to Nationwide's motion to stay (ECF 33) will be granted, but its motion to file a surreply in opposition to Nationwide's motion to extend discovery (ECF 46) will be denied.

In its reply in support of its motion to stay, Nationwide cites authorities, raises arguments, and presents facts in support of its motion to stay that were not presented in the motion to stay and are not merely responsive to Individual Defendants' arguments in opposition to that motion. *See*

---

[5] Individual Defendants were given seven days to respond to Nationwide's motion to reopen discovery. ECF 41. Their opposition was filed two days late. ECF 43. In its discretion, the Court has considered the arguments made in the opposition, notwithstanding its untimely filing.

ECF 32. Providing Individual Defendants an opportunity to respond to these authorities and arguments in a surreply is appropriate.[6] *See Cordish Cos. v. Affiliated FM Ins. Co.*, 573 F. Supp. 3d 977, 989 (D. Md. 2021), *aff'd,* No. 21-2055, 2022 WL 1114373 (4th Cir. Apr. 14, 2022) ("A surreply is ordinarily permitted when the party seeking to file the surreply 'would be unable to contest matters presented to the court for the first time' in the opposing party's reply.") (citation omitted).

The same cannot be said for Nationwide's reply in support of its motion to extend discovery. The Court does not find that this reply contains any significant new facts or arguments that are not merely responsive to the facts and arguments Individual Defendants present in opposition to Nationwide's motion. *See* ECF 45. There is no need for a surreply in these circumstances.

Accordingly, the Court has considered Individual Defendants' proposed surreply in opposition to the motion to stay (ECF 34) but declines to consider their proposed surreply in opposition to the motion to extend discovery (ECF 47).

### III. Nationwide's Motion to Extend Discovery

The Court will grant Nationwide's request to reopen discovery for the limited purpose of deposing Mr. Chinchilla, as it is justified by good cause and excusable neglect.

The Court recognizes that a scheduling order "serve[s] a vital purpose in helping a court to manage its civil caseload." *Jennings v. Frostburg State Univ.*, --- F. Supp. 3d ----, Civ. No. ELH-21-656, 2023 WL 4567976, at *9 (D. Md. June 27, 2023). It "is not a 'frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril.'" *Id.* (quoting *Potomac Elec. Power Co. v. Elec. Motor Supply, Inc.*, 190 F.R.D. 372, 375–76 (D. Md. 1999)). Rule

---

[6] Moreover, Nationwide has not opposed Individual Defendants' motion for leave to file this surreply.

16(b)(4) of the Federal Rules of Civil Procedure provides that a scheduling order "may be modified only for good cause and with the judge's consent." Diligence is the "touchstone" of the good cause requirement. *Faulconer v. Centra Health, Inc.*, 808 F. App'x 148, 152 (4th Cir. 2020). "To determine whether the moving party has met its burden to show good cause, a court may also consider 'whether the moving party acted in good faith, the length of the delay and its effects, and whether the delay will prejudice the non-moving party.'" *Jennings*, 2023 WL 4567976, at *10 (citation omitted).

Additionally, Rule 6(b)(1) provides that a court "may, for good cause, extend the time" in which "an act may or must be done" "on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). A finding of excusable neglect is "within the Court's discretion." *Lewis v. Prince George's Cnty. Bd. of Educ.*, Civ. No. JKB-21-2720, 2023 WL 4551866, at *5 (D. Md. July 13, 2023). Courts are "permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." *Id.* (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388 (1993)). "To ascertain whether a delay in filing is excusable, courts must consider 'all relevant circumstances surrounding the party's omission.'" *Dwonzyk v. Balt. Cnty.*, 328 F.Supp.2d 572, 577 (D. Md. 2004) (quoting *Pioneer*, 507 U.S. at 395). "The factors to be considered in determining whether there is good cause or 'excusable neglect'[] include the 'danger of prejudice to the non-moving party, the length of delay and its potential impact on judicial proceedings, the reason for the delay, and whether the movant acted in good faith." *Tawwaab v. Va. Linen Serv., Inc.*, 729 F. Supp. 2d 757, 768–69 (D. Md. 2010) (citing *Pioneer*, 507 U.S. at 395).

The Court finds Nationwide's failure to make a timely motion to extend the discovery deadline excusable in the circumstances of this case, and the Court finds good cause to extend the deadline for the limited purpose of deposing Mr. Chinchilla. Nationwide states in its motion to extend discovery that it has engaged in efforts to locate Mr. Chinchilla nearly since the inception of this case and has been seeking his deposition since February 2023. ECF 42 at 2; ECF 43-2 at 1. These efforts continued until—and, perhaps, escalated—near the end of the discovery period, *see* ECF 43 at 4; ECF 43-7; and the Court finds them to have been in good faith and made with adequate diligence. Notwithstanding, Nationwide's efforts were not successful until January 3, 2024, when Mr. Chinchilla contacted a paralegal for Nationwide by phone. ECF 42 at 2. *See also* ECF 43 at 3; ECF 43-6 at 2, 3 (Nationwide discovery response containing chart listing contacts between Nationwide and Chinchilla from January 3, 2024, through January 17, 2024); ECF 45 at 1 (explaining chart). By that time, the January 2, 2024, discovery deadline had passed. *See* ECF 24. Nationwide believes that it can secure Mr. Chinchilla's cooperation to participate in a deposition, ECF 42 at 3, and the Court finds good cause to provide Nationwide an opportunity to do so. Indeed, Mr. Chinchilla's deposition testimony may provide a more fulsome factual record, specifically, on the question of whether Bejarano-Salces was acting within the scope of his employment at the time of the Incident—a central issue in this case.

Individual Defendants argue that there is no longer any need for Nationwide to depose Mr. Chinchilla because he has provided an affidavit (ECF 43-11) that is generally consistent with the facts attested to by Bejarano-Salces in his affidavit (ECF 43-8) and deposition testimony. ECF 43 at 7. But Mr. Chinchilla's affidavit was not produced until January 17, 2024, after the close of discovery. *See* ECF 43-11 at 9. Nationwide has had no opportunity to challenge or interrogate the assertions made in the affidavit, and the interest of justice advises giving Nationwide a fair

7

opportunity to do that. *See* Fed. R. Civ. P. 1 (providing that Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding").

Nationwide requests, and the Court will order, 30 days to obtain Mr. Chinchilla's deposition. This limited-purpose extension of the discovery deadline is not lengthy and will not prejudice Individual Defendants. The motion to extend discovery will be granted.

IV. **Nationwide's Motion to Stay**

For the following reasons, the motion to stay will be denied.

Federal courts possess an "inherent authority" "to stay an action pending the outcome of parallel proceedings in another court[.]" *United States v. Oliver*, 878 F.3d 120, 124 (4th Cir. 2017) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Maryland v. Universal Elections, Inc.*, 729 F.3d 370, 379 (4th Cir. 2013) (quoting *Landis*, 299 U.S. at 254). "[D]eciding whether to stay proceedings . . . 'calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.'" *Raplee v. United States*, 842 F.3d 328, 335 (4th Cir. 2016) (quoting *Landis*, 299 U.S. 248, 254–55). "In determining whether to exercise this authority, courts consider various factors 'includ[ing] the interests of judicial economy, the hardship and equity of the moving party in the absence of a stay, and the potential prejudice to the non-moving party in the event of a stay.'" *U.S. Liab. Ins. Co. v. Krawatsky*, Civ. No. JKB-21-0538, 2022 WL 888885, at *6 (D. Md. Mar. 25, 2022) (quoting *Landress v. One Solar LLC*, 243 F. Supp. 3d 633, 646 (M.D.N.C. 2017). "The party seeking a stay must justify it by clear and convincing

8

circumstances outweighing potential harm to the party against whom it is operative." *Williford v. Armstrong World Indus., Inc.*, 715 F.2d 124, 127 (4th Cir. 1983).

Nationwide fails to show that the circumstances of this litigation justify a stay.

A. <u>Judicial Economy</u>

First, the Court does not find that a stay would serve the interests of judicial economy. Nationwide states its understanding that discovery has not been completed in the Underlying Suits, *see* ECF 32 at 4, and it is undisputed that an Order of Nonsuit has been entered in the Underlying Suits, effecting a voluntary stay of that case, ECF 30-1. The instant action, on the other hand, has proceeded through discovery and is nearly ripe for the filing of dispositive motions. Once Nationwide enjoys an opportunity to secure the deposition of Mr. Chinchilla, *see* Part III *supra*, the parties will be as prepared as necessary to litigate the issue of whether Bejarano-Salces is an insured entitled to a defense and indemnification by Nationwide for any liability he has to the plaintiffs in the Underlying Suits.

Although, to this Court's knowledge, Bejarano-Salces has formally denied liability for the Incident in the Underlying Suits based on insufficient information or knowledge, *see* ECF 38-4, 38-5, & 38-6, counsel for Individual Defendants has represented that liability is clear and uncontested, ECF 30 at 6; ECF 34 at 10. In its pleading, Nationwide does not deny Bejarano-Salces's negligence in connection with the Incident, and it has offered no information or evidence to suggest that liability has been substantively contested in the Underlying Suits.

The plaintiffs in the Underlying Suits allege that, at the time of the Incident, Bejarano-Salces was an agent of Gennesis who was employed and instructed to transport the plaintiffs from Delaware to their residences in Virginia and Maryland and "was acting within the scope of his employment" with Gennesis. ECF 38-1, 38-2, & 38-3. But it is unclear whether this issue will be

9

contested in the Underlying Suits. The party to the Underlying Suits in the best position to dispute the plaintiffs' contention is Gennesis. Although Gennesis is represented by counsel in the Underlying Suits and has filed responsive pleadings through counsel, *see* ECF 38-7, 38-8, & 38-9, counsel for Individual Defendants avers that Gennesis has not participated in the litigation, *see* ECF 34 at 5; ECF 43 at 2. Moreover, Individual Defendants have presented an affidavit from Mr. Chinchilla, Gennesis's principal, affirming several facts to indicate that Bejarano-Salces *was* acting within the scope of his employment at the time of the Incident. ECF 43-11.[7] Nationwide, on the other hand, alleges in its Complaint that Bejarano-Salces "was not acting in the course and scope of his employment" at the time of the Incident and, for this reason, Bejarano-Salces is not covered for the claims asserted in the Underlying Suits. ECF 1 at 6. Nationwide may be the only party with a dispute as to whether Bejarano-Salces acted within the scope of his employment. And Nationwide is not a party to the Underlying Suits. The instant case appears, at this time, to be the best forum for this issue to be litigated.

Given the indefinite dormancy of the Underlying Suits, the late stage of the instant action, and the lack of any indication that factual issues contested in the instant case will be substantively litigated in the Underlying Suits, it is difficult to see how a stay of this action would serve the interests of judicial economy. Moreover, resolving the coverage issues presented in the instant case may narrow the issues in the Underlying Suits and facilitate the resolution of that consolidated case.

---

[7] This affidavit is attached to Individual Defendants' belated response in opposition to Nationwide's motion to extend discovery. But it is relevant to issues presented in connection with Nationwide's motion to stay and was not executed until January 17, 2024, after Individual Defendants filed timely responses in opposition to the motion to stay.

B. <u>Hardship or Prejudice to Either Party</u>

Nationwide fails to show that it would suffer any hardship in the absence of a stay in this case or that equity favors a stay. Nationwide initiated the instant action, and the schedule ordered in this case has given Nationwide ample opportunity to participate in discovery and obtain any evidence necessary to establish its entitlement to the declaratory relief that it seeks. A plaintiff's responsibility to prosecute the lawsuit it initiated is not a hardship that could justify a stay of the case.

At the same time, a stay of this case could result in prejudice to Individual Defendants by forestalling a disposition of this suit and, more specifically, the issue of whether the Nationwide insurance policy covers Bejarano-Salces as an insured in the context of the Incident. Importantly, both Nationwide and Individual Defendants seek declaratory relief on this issue. ECF 1; ECF 7.

C. <u>Abstention</u>

Nationwide offers no substantive argument bearing on any of the foregoing factors. Instead, Nationwide argues the instant action—a lawsuit *it* filed—is "somewhat premature[,]" ECF 32 at 5, and that abstention principles counsel a stay of this case, ECF 32 at 2–4 (citing various cases analyzing federal courts' discretion to abstain from exercising jurisdiction of declaratory judgment actions while underlying tort claims are being litigated in state court). The Court is not persuaded.

The Declaratory Judgment Act "gives federal courts discretion to decide whether to declare the rights of litigants." *Trustgard Ins. Co. v. Collins*, 942 F.3d 195, 201 (4th Cir. 2019). "[A] declaratory judgment action is appropriate 'when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and . . . when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding.'" *Centennial Life*

11

*Ins. Co. v. Poston*, 88 F.3d 255, 256 (4th Cir. 1996) (quoting *Aetna Cas. & Sur. Co. v. Quarles*, 92 F.2d 321 (4th Cir. 1937)). "It is well established that a declaration of parties' rights under an insurance policy is an appropriate use of the declaratory judgment mechanism." *United Capitol Ins. Co. v. Kapiloff*, 155 F.3d 488, 494 (4th Cir. 1998). Declaratory relief in such a case "allows the uncertain party to gain relief from the insecurity caused by a potential suit waiting in the wings." *Id.*

"[I]n declaratory judgment actions, courts must consider whether 'federalism, efficiency, and comity' counsel against exercising jurisdiction when an ongoing proceeding in state court overlaps with the federal case." *Collins*, 942 F.3d 195, 202 (4th Cir. 2019) (quoting *Penn-Am. Ins. Co. v. Coffey*, 368 F.3d 409, 412 (4th Cir. 2004)). To make this determination, courts consider "(1) the state's interest in having its own courts decide the issue; (2) the state courts' ability to resolve the issues more efficiently than the federal courts; (3) the potential for unnecessary entanglement between the state and federal courts based on overlapping issues of fact or law; and (4) whether the federal action is mere forum-shopping." *Id.* (citing *Nautilus Ins. Co. v. Winchester Homes, Inc.*, 15 F.3d 371, 376 (4th Cir. 1994), *abrogated in part on other grounds by Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995)). "In addressing the propriety of asserting federal jurisdiction in declaratory judgments seeking to clarify the scope of insurance obligations, courts ordinarily focus on concerns of entanglement between the federal and state courts, as '[n]one of the remaining three *Nautilus* factors plays a particularly important role.'" *Krawatsky*, 2022 WL 888885, at *9 (quoting *Coffey*, 368 F.3d at 414).

Here, the Court does not find that exercising jurisdiction to declare the parties' rights and obligations would unduly entangle it with the Underlying Suits. An overlap in factual issues between the instant case and the Underlying Suits is readily apparent from review of the pleadings.

As noted above, the plaintiffs in the Underlying Suits allege that Bejarano-Salves acted within the scope of his employment with Gennesis at the time of the Incident, and, in the instant case, Nationwide contends that he did not. But this overlap in factual issues between the instant case and the Underlying Suits is not dispositive on the question of unnecessary entanglement. The Underlying Suits are subject to an Order of Nonsuit; they are not currently active. According to counsel, the parties to the Underlying Suits have not completed discovery. *See* ECF 32 at 4; ECF 34 at 5. As a practical matter, the Underlying Suits are indefinitely dormant at a preliminary stage—effectively, "a potential suit waiting in the wings." *Kapiloff*, 155 F.3d at 494. Permitting the instant declaratory judgment action to proceed would "serve a useful purpose in clarifying and settling the legal relations in issue" and "afford relief from the uncertainty, insecurity, and controversy[.]" *Poston*, 88 F.3d at 256. There can be no risk of unnecessary entanglement with state court litigation that is not presently active, imminent, or close to a trial posture.[8]

The posture of this case vis-à-vis the Underlying Suits distinguishes it from cases relied upon by Nationwide. *See Krawatsky*, 2022 WL 888885, at *1, *12 (D. Md. Mar. 25, 2022) (staying federal case with respect to duty to indemnify pending disposition of "related tort lawsuits *presently being litigated* in Maryland state court[,]" while the federal case was at a preliminary stage) (emphasis added);[9] *Allstate Ins. Co. v. Powe*, Civ. No. CCB-19-1376, 2020 WL 1159000,

---

[8] "None of the remaining three *Nautilus* factors plays a particularly important role . . . in assessing whether the declaratory judgment action should be decided now[,]" *Penn-Am.*, 368 F.3d at 414, in the instant case, for the same reasons articulated by the Fourth Circuit in *Penn-America*. But, as to the first and second factors, the Fairfax County Circuit Court is not currently able to resolve issues pending in the instant case because the Underlying Suits have been nonsuited in that court. Additionally, as to the fourth factor, the Court does not find that the instant action is merely the result of forum shopping.

[9] It should be noted here that the Court in *Krawatsky* ordered a stay only with respect to the issue of the insurer's duty to indemnify; it did not stay the federal case as to the issue of its duty to defend. *See* 2022 WL 888885, at *10–13. Here, like in *Krawatsky*, Nationwide's duty to defend and duty to indemnify are both at issue. *See* ECF 1; ECF 7. However, for reasons explained above, the circumstances of this case do not warrant a stay at all—whether bifurcated in the manner of *Krawatsky* or not.

at *1, *6 (D. Md. Mar. 10, 2020) (staying federal case pending resolution of the underlying state-court action that "*remains pending* in Maryland state court[,]" in advance of any discovery in the federal case) (emphasis added); *Allstate Ins. Co. v. Preston*, Civ. No. JKB-19-0429, 2019 WL 3067918, at *1, *5 (D. Md. July 12, 2019) (dismissing preliminary-stage federal case without prejudice to insurer refiling its claim once the underlying lawsuit, which "is still pending[,]" is resolved). The Underlying Suits are not presently being litigated. Moreover, as explained above, there is no indication that key factual disputes between the parties in the instant case would be substantively litigated in the Underlying Suits even if they were presently active and not subject to nonsuit. The instant action, on the other hand, has progressed through discovery and is nearly ripe for the filing of dipositive motions. In these circumstances, abstention principles do not counsel a state of this case.

  D. <u>Conflict of Interest</u>

In its reply, Nationwide notes "an apparent conflict of interest in the representation of the individual Defendants" that it contends "has significant bearing on" the motion to stay. ECF 32 at 2. Nationwide calls into question the legitimacy of the agreement to nonsuit entered by counsel to the parties to the Underlying Suits, pointing out that Individual Defendants—that is, Bejarano-Salces and the plaintiffs in the Underlying Suits—entered into that agreement while represented by overlapping counsel in the instant case. *Id.* at 2–4. To be clear, Bejarano-Salces and the plaintiffs in the Underlying Suits are represented by separate counsel in the Underlying Suits, and they were separately represented when they agreed to nonsuit the Underlying Suits.[10] *See* ECF 30-1; ECF 32 at 4; ECF 34 at 2. However, the interests of Bejarano-Salces and the plaintiffs in the

---

[10] Separate counsel for Gennesis in the Underlying Suits was also party to the nonsuit agreement. ECF 30-1.

14

Underlying Suits are aligned on whether Bejarano-Salces acted within the scope of his employment at the time of his allegedly tortious conduct, as well as on whether Gennesis is vicariously liable for his alleged torts, two issues that are central to the instant case. Counsel for Individual Defendants confirm that their clients have knowingly waived all potential conflicts of interest created by their overlapping representation in the instant case. ECF 34 at 2. This Court finds no reason to question the legitimacy of the nonsuit agreement in the Underlying Suits.

   E.   Timing of the Motion to Stay

The Court notes, finally, that the merits of Nationwide's request to stay the instant action may have been different at an earlier stage of the case. In its reply in support of the motion to stay, Nationwide explains the late timing of its motion by the recent deposition of Bejarano-Salces and Nationwide's "opinion" that the testimony "raised significant credibility issues." ECF 32 at 4. Nationwide now deems it "more appropriate" for the issue of Bejarano-Salces's status at the time of the Incident to be determined in the Underlying Suits, where all parties have separate counsel. *Id.* The Court disagrees. First, Individual Defendants' overlapping counsel entered their appearance in the instant case on September 26, 2022. ECF 6. The overlapping representation of Individual Defendants is not a recent change of events. Second, the Court cannot accept the proposition that a stay should be entered at the end of discovery based solely on one party's "opinion" that its opponent's deposition testimony lacks credibility. Given Gennesis's apparent lack of participation in the Underlying Suits, *see* ECF 34 at 5 & ECF 43 at 2, Nationwide offers no reason to believe that Gennesis would be better suited to contest Bejarano-Salces's credibility in the Underlying Suits than Nationwide in the instant case. To the contrary, Individual Defendants have presented an affidavit from Gennesis's principal that appears to *support* Bejarano-Salces's version of events. ECF 43-11.

**V.      Order**

For the foregoing reasons, it is this 13th day of February 2024, by the United States District Court for the District of Maryland, ORDERED that

(1)     Individual Defendants' motion for leave to file a surreply in opposition to Nationwide's motion to stay (ECF 33) is GRANTED;

(2)     Individual Defendants' motion for leave to file a surreply in opposition to Nationwide's motion to extend discovery (ECF 46) is DENIED;

(3)     Individual Defendants' proposed surreply in opposition to Nationwide's motion to extend discovery (ECF 47) is STRICKEN;

(4)     Nationwide's motion to stay (ECF 27) is DENIED;

(5)     Nationwide's motion to extend discovery (ECF 42) is GRANTED;

(6)     discovery is reopened for a period of 30 days after entry of this Order for the limited purpose of a deposition of Elmer Chinchilla; and

(7)     dispositive pretrial motions shall be filed no later than **April 5, 2024.**

                                                                      /S/
                                                          Matthew J. Maddox
                                                          United States District Judge